IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

MARVELLOUS A. GREENE, Sr.,

    Plaintiff,                    No. CIV S-02-0684 GEB PAN P

    vs.

CHERYL PLILER, et al.,

    Defendants.             FINDINGS AND RECOMMENDATIONS

_____/

        Plaintiff is a state prisoner without counsel seeking relief pursuant to 42 U.S.C. § 1983. August 20, 2004, the court found that since the court granted plaintiff's request to proceed in forma pauperis after plaintiff exhausted available administrative remedies within the California Department of Corrections, plaintiff complied with 42 U.S.C. § 1997e(a) and denied defendants' motion to dismiss. On December 20, 2004, defendants requested the court to certify for appeal the question of whether for purposes of 42 U.S.C. § 1997e(a) an action *in forma pauperis* commences when a plaintiff files a complaint or when the court grants leave to proceed *in forma pauperis*. See 28 U.S.C. § 1292(b). On May 6, 2005, the court granted the request. May 11, 2005, plaintiff moved for summary judgment. The schedule filed August 25, 2005, required defendants to file dispositive motions no later than February 17, 2006. Defendants seek an order staying this action.

1

Since a trial court has inherent authority to manage its docket, it may stay an action pending resolution of independent proceedings bearing upon the case. <u>Mediterranean Enterprises, Inc. v. Ssangyong Corp.</u>, 708 F.2d 1458, 1465 (9th Cir. 1983). In determining whether to grant a stay, a trial court should consider whether a stay will promote the just and efficient determination of the case and whether the other proceedings likely will conclude within a reasonable time. <u>See</u> <u>Leyva v. Certified Grocers of California Ltd.</u>, 593 F.2d 857, 864 (9th Cir. 1979).

The question of when suit is "brought" or "commenced" for purposes of 42 U.S.C. § 1983 is pending before the appellate court in <u>Vaden v. Summerhill</u>, Case No. 05-15650. Defendants assert <u>Vaden</u> will be submitted March 17, 2006, but there is no way of knowing how long the court will take to issue an opinion. Should the appellate court decide filing a complaint commences an action, defendants' interlocutory appeal in this case will be granted and this court will vacate the order denying the motion to dismiss, thereby negating the necessity for dispositive motions, pretrial procedures and trial.

The court finds a stay will promote the just and efficient determination of this case.

For these reasons, IT HEREBY IS RECOMMENDED that:

1. Defendants' February 15, 2006, motion to stay this action be granted;

2. The dates for dispositive motions, pretrial proceedings and trial be vacated;

3. The Clerk of the Court be directed administratively to close this case; and,

4. Defendants be directed to file and serve a status report discussing the activity in <u>Vaden v. Summerhill</u>, Case No. 05-15650, within 120 days.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within 14 days after being served with these findings and recommendations, plaintiff may file written objections. The document should be captioned "Objections to Magistrate Judge's Findings and

1 Recommendations." Failure to file objections within the specified time may waive the right to
2 appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).
3 DATED: March 6, 2006.

                          UNITED STATES MAGISTRATE JUDGE

\004
\gree0684.f&r to stay