IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

MARVELLOUS A. GREENE, SR.,

       Plaintiff,                            No. CIV S-02-0684 GEB EFB P

    vs.

CHERYL PLILER, et al.,

       Defendants.                   FINDINGS AND RECOMMENDATIONS

_____/

       Plaintiff is a prisoner without counsel seeking relief for alleged civil rights violations. *See* 42 U.S.C. § 1983. This action proceeds on the June 27, 2003, amended complaint in which plaintiff claims defendants violated his rights by denying permission to change his name after a life-altering religious experience. Defendants have answered the complaint but now move to dismiss pursuant to Rule 12(b)(6) upon the ground plaintiff failed to exhaust available administrative remedies. *See* 42 U.S.C. 1997e(a). Plaintiff opposes. For the reasons explained below, the court finds plaintiff failed to exhaust available administrative remedies as required by 42 U.S.C. § 1997e and recommends that this action be dismissed without prejudice.

       Defendants style their motion as one to dismiss. However, the motion actually seeks reconsideration of a prior order denying an earlier motion to dismiss for failure to exhaust.

////

1

Accordingly, it will be treated as a motion for reconsideration. The instant motion is based on a recent ruling by the Ninth Circuit that clarified the law on a narrow question of timing when a prisoner completes administrative exhaustion *after* the filing of *in forma pauperis* petition but before the granting of the petition and formal filing of the complaint .

Here, defendants seek dismissal on the ground that plaintiff failed to exhaust available administrative remedies as required by 24 U.S.C. § 1997e(a), which provides:

> No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison or other correctional facility until such administrative remedies as are available are exhausted.

Defendants filed their first motion to dismiss on this grounds on December 10, 2003. That motion asserted that plaintiff failed to exhaust available administrative remedies, but argued in the alternative that if he did exhaust, he failed to do so before he brought this action. The motion remained pending until July 30, 2004, when the court denied that motion. The court found that plaintiff exhausted the "core issue presented," i.e., whether plaintiff has a First Amendment right to change his name based upon a sincerely held religious conviction. The court also found that even though plaintiff submitted his complaint before exhausting available administrative remedies, he did not commence suit until the court granted his request for leave to proceed *in forma pauperis*, which occurred after he submitted the complaint. For these reasons, the court found that plaintiff satisfied the exhaustion requirement and denied defendants' motion. Defendants filed an answer and the case proceeded.

However, the question of when a prisoner brings an action for purposes of the exhaustion requirement continued to percolate, and early in 2006, the Ninth Circuit took under submission *Vaden v. Summerhill*, No. 05-15650, to decide "the precise point in the proceedings at which an action is 'brought'" for purposes of 42 U.S.C. § 1997e(a). *Vaden v. Summerhill*, 449 F.3d 1047, 1049-50 (9th Cir. 2006). Arguing that the decision in *Vaden* could be dispositive of this case, defendants obtained a stay pending its outcome. On June 6, 2006, the appellate court decided

*Vaden*, holding that a prisoner seeking leave to proceed *in forma pauperis* in an action challenging the conditions of his confinement brings an action for purposes of 42 U.S.C. § 1997e when he submits his complaint to the court. *Vaden v. Summerhill*, 449 F.2d 1048, 1050 (9th Cir. 2006). Therefore, a prisoner must exhaust available administrative remedies before filing any papers in federal court. *Id.* at 1051. This decision directly impacts this case because in denying defendants' first motion to dismiss, the court found that an action is "brought" for purposes of 42 U.S.C. § 1983 when the court grants an application for leave to proceed *in forma pauperis*. Therefore, shortly after the appellate court decided *Vaden*, this court lifted the stay and gave defendants 30 days to file and serve an appropriate motion. Defendants complied with that order and on September 20, 2006, filed this second motion to dismiss.

Defendants' present motion has two bases. The first is that plaintiff failed to exhaust available administrative remedies. The second is an alternative argument that if plaintiff did exhaust, he did so only after bringing suit. The latter presumably is based on the holding in *Vaden*.[1] The district judge's order denying the December 10, 2003, motion is affected by the subsequent Ninth Circuit decision in *Vaden* on only a narrow question: whether plaintiff exhausted before he brought this action as required by 42 U.S.C. § 1997e(a). Therefore, the court will address only this question.

As explained, a prisoner may bring no § 1983 action until he has exhausted such administrative remedies as are available. 42 U.S.C. § 1997e(a). The requirement is mandatory. *Booth v. Churner*, 532 U.S. 731, 741 (2001). If it is not met, the action must be dismissed. The administrative remedy must be exhausted before suit is brought and a prisoner is not entitled to a stay of judicial proceedings in order to exhaust. *McKinney v. Carey*, 311 F.3d 1198 (9th Cir. 2002). A prisoner seeking leave to proceed *in forma pauperis* in an action challenging the conditions of his confinement brings an action for purposes of 42 U.S.C. § 1997e when he

---

[1] Curiously, counsel does not mention *Vaden*, the only arguable basis for the motion. The September 20, 2006, motion materially is identical to the December 10, 2003, motion.

3

submits his complaint to the court. *Vaden*, 449 F.2d at 1050. Therefore, a prisoner must exhaust available administrative remedies before filing any papers in federal court. *Id.* at 1051.

The administrative process to be exhausted is as follows. California prisoners may appeal "any departmental decision, action, condition, or policy which they can demonstrate as having an adverse effect upon their welfare." Cal. Code Regs.,tit. 15, § 3084.1(a). The regulations require the use of specific forms but contain no guidelines for grievance content. Cal. Code Regs.,tit. 15, §§ 3084.2, 3085 (designating use of CDC Form 602 Inmate/Parolee Appeal Form for all grievances except those related to disabilities under the Americans with Disabilities Act, which are filed on CDC Form 1824, Reasonable Modification or Accommodation Request). A prisoner must appeal within 15 work days of any adverse action. Cal. Code Regs., tit. 15, § 3084.6(c). The regulations permit but do not require untimely appeals to be rejected. *See* Cal. Code Regs., tit. 15, § 3084.3(c)(6). Where prison officials reject an appeal as untimely, a prisoner does not properly exhaust available remedies by filing an untimely appeal. *Ngo v. Woodford*, __ U.S. __, 126 S.Ct. 2378, 2384, 2387 (2006).

Prisoners ordinarily must present their allegations on one informal and three formal levels of review, although the informal and the first formal levels may be bypassed. Cal. Code Regs., tit. 15, § 3084.5. A division head reviews appeals on the first formal level, *see* Cal. Code Regs., tit. 15, § 3084.5(b)(3) (authorizing bypass of the first formal level when the division head cannot resolve it), and the warden or a designee thereof reviews appeals on the second formal level. *See* Cal. Code Regs., tit. 15, § 3084.5(e)(1). Completion of the third level, the Director's Level of Review, exhausts the remedy. Cal. Code Regs., tit. 15, § 3084.1(a).

Here, plaintiff submitted his original complaint on April 1, 2002. The decision denying redress on the Director's Level of Review issued on April 23, 2002. Plaintiff submitted his complaint before exhausting available administrative remedies. Therefore, under the Ninth Circuit's recent ruling in *Vaden*, plaintiff has not satisfied 42 U.S.C. § 1997e(a).

////

1  Accordingly, it is hereby RECOMMENDED that defendants' September 20, 2006,
2 motion to dismiss, construed as a motion for reconsideration of this court's August 20, 2004,
3 order, be granted and that this action be dismissed without prejudice.
4  These findings and recommendations are submitted to the United States District Judge
5 assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty days
6 after being served with these findings and recommendations, any party may file written
7 objections with the court and serve a copy on all parties.  Such a document should be captioned
8 "Objections to Magistrate Judge's Findings and Recommendations."  Failure to file objections
9 within the specified time may waive the right to appeal the District Court's order. *Turner v.*
10 *Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).
11 Dated:  December 19, 2006.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE